**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1617

IN RE: OSVALDO ROSADO-ORTIZ; ANA O. SANTOS-ORTIZ,

Debtors

OSVALDO ROSADO-ORTIZ; ANA O. SANTOS-ORTIZ,

Appellants,

v.

BEAL BANK,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Joseph Deliz-Hernández on brief for appellant.
James W. McGarry and Goodwin Proctor LLP on brief for appellee.

November 8, 2006

**STAHL**, <u>Senior Circuit Judge</u>.  Osvaldo Rosado-Ortiz and Ana O. Santos-Ortiz ("debtors") appeal from a decision of the district court denying reconsideration of its decision affirming the judgment of the bankruptcy court.  Because debtors' argument is without merit, we affirm.

On October 12, 2000, debtors sought Chapter 13 bankruptcy protection.  Appellee Beal Bank filed claims against the estate based on a loan for which it was the servicing agent.  The underlying loan had been made to debtors by First Bank Puerto Rico and was secured by debtors' residential property.  The loan was guaranteed by the U.S. Small Business Administration ("SBA"), which sold the loan to LPP Mortgage, Ltd. ("LPP"), which in turn hired Beal Bank as its servicing agent.  Debtors challenged Beal Bank's claims on several different grounds, but after a thorough review of the loan documents and the servicing agreement, the bankruptcy court ruled that Beal Bank was a secured creditor with standing to make a claim against the estate.  Debtors appealed to the district court, and now to us.

Debtors make one argument on appeal: that, as to third parties, the assignment of the loan from SBA to LPP did not automatically transfer the security interest in the collateral without registration; and that debtors should be considered third parties in their capacity as debtors-in-possession.  They rely exclusively on <u>Crefisa, Inc.</u> v. <u>Washington Mutual Bank, F.A.</u> (<u>In re</u>

Colonial Mortgage Bankers Corp.), 186 F.3d 46 (1st Cir. 1999), in which we held, under the facts of that case, that a bankruptcy trustee was a third party vis-à-vis the assignment of a note and secured interest, and thus, under Puerto Rico law, the secured claim was not valid against the estate without registration.

Crefisa is distinguishable from this case. The district court's opinion makes this abundantly clear, so we will only briefly discuss the reasons. Under the unusual facts of Crefisa, the trustee in bankruptcy was treated as a third party, not because of his trustee status, but because the estate he represented was not a party to the instrument in question, even though the underlying collateral ended up in the estate; here, the debtors were parties to and signatories of the underlying instruments that allowed the transfer. Furthermore, even if this were an advantage that all trustees had, we will not automatically give a debtor-in-possession the same rights as a trustee when to do so would destroy the rights of secured creditors under contracts that the debtors-in-possession have themselves executed. Finally, the instruments themselves are distinguishable, since those in Crefisa did not make any reference to the underlying security interest, and thus would not have given a third-party transferee notice; here, the notes clearly referenced the security interest and allowed for its transfer.

**Affirmed.**

-3-